UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

MARTIN GAUGHAN,

                Plaintiff                               COMPLAINT

        v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,    PLAINTIFF DEMANDS
VICTOR CLAY, individually                                   A TRIAL BY JURY
& MARIA MEJIA, individually
                Defendants.

---

MARTIN GAUGHAN, by and through his attorneys, Burger Law Group PLLC, alleges as follows:

## NATURE OF CLAIM

1. This action is brought to remedy discrimination based on age, in violation of the Age and Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and the Massachusetts General Laws Chapter 151B § 4 et seq. ("MGL").

2. Complainant seeks declaratory relief, compensatory, punitive, and emotional damages as well other appropriate legal and equitable relief pursuant to the ADEA and the MGL such as attorney's fees, costs, and interest.

## JURISDICTION

3. The Court has jurisdiction under 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction with respect to plaintiff's claims under the MGL.

4. As the unlawful employment practices complained of herein occurred within the District of Massachusetts, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PROCEDURAL REQUIREMENTS

5. On or about October 17, 2022, Gaughan filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination (hereinafter, "MCAD"), docket number: 22BEM02783, which was jointly filed with the Equal Employment Opportunity Commission (hereinafter, "EEOC"), and assigned docket number 16C-2023-00273.

6. On March 10, 2025, Gaughan submitted a request to withdraw his case from MCAD so he could pursue his claims in Court. Then on June 9, 2025, Gaughan received via email the written dismissal of the MCAD complaint dated May 29, 2025. Accordingly, Gaughan has satisfied all procedural requirements to bringing this action.

## PARTIES

7. Plaintiff Martin Gaughan ("Sergeant Gaughan") is employed as a police officer with Harvard University and is an employee as that term is defined by the ADEA and MGL. He is a resident of Walpole, Massachusetts.

6. The President and Fellows of Harvard College is the legal name for Harvard University. Harvard University is a private university with its principal office located in Cambridge, Massachusetts.

7. Upon information and belief, Victor Clay is a resident of Cambridge, Massachusetts and, at all relevant times, the appointed Chief of the Harvard University Police Department.

## FACTUAL ALLEGATIONS

8. Martin Gaughan was born on July 25, 1964 he is now 60 years of age.

9. Sergeant Gaughan holds a Bachelor of Science degree from Western New England College and a Master of Arts degree from Anna Maria College.

10. Prior to November 2019, Sergeant Gaughan was employed as a state trooper with the Massachusetts State Police for thirty-one (31) years during which time he was promoted on multiple occasions into positions with increasing responsibilities.

11. In his employment with the Massachusetts State Police, Sergeant Gaughan held the following ranks: Trooper, Sergeant, and Lieutenant.

12. In his employment with the Massachusetts State Police, Sergeant Gaughan was deployed to the following assignments in the Bureau of Field Services: Trooper – stationed in Framingham, Weston and Ted Williams Tunnel, Sergeant and Patrol Supervisor for the geographical area of eastern Massachusetts, Shift Commander - Massachusetts State Police Troop H Headquarters, South Boston, Lieutenant and Station Commander Massachusetts State Police Upper Basin Division.

13. In his role as a uniformed trooper in the Massachusetts State Police, Sergeant Gaughan performed all the functions of a police officer enforcing the criminal and motor vehicle laws of the Commonwealth.

14. In his role as a sergeant and lieutenant in the Massachusetts State Police, Sergeant Gaughan was responsible for the supervision and work product of all the state troopers assigned to his unit. These duties and responsibilities included but weren't limited to the following: approving police reports, maintaining the discipline and appearance of troopers assigned to his area, approving overtime and scheduling work assignments and time off, conducting criminal and personnel investigations as assigned, and all other functions required as a supervisor in a paramilitary police organization.

15. As a Station Commander in the Massachusetts State Police, Sergeant Gaughan was involved in planning and implementing State Police operational plans for Boston College and

Harvard University football games, Harvard University Commencements, Boston College Commencements, Boston University Commencements, the running of the Boston Marathon, and any and all events at the Boston Esplanade, including the annual Fourth of July concert and fireworks.

16. In his employment with the Massachusetts State Police, Sergeant Gaughan also received specialized training in Incident Command, Truck Inspections, Sports and Special Events Management, Sports Event Risk Management, Terrorism Counteraction, motorcycles and weapons.

17. In 2017, Sergeant Gaughan retired from the Massachusetts State Police.

18. In 2020, Sergeant Gaughan was hired by Harvard University Police Chief Francis Riley, and appointed to the position of Sergeant in the Harvard University Police Department.

19. Beginning in 2020, Sergeant Gaughan was assigned to the Patrol Division of the Harvard University Police Department supervising subordinate uniformed officers and their work product.

20. From the date of his employment in 2020, Sergeant Gaughan consistently received praise for his work performance, and received salary bonuses in excess of the standard bonus plan amounts.

21. In 2020, Chief Francis Riley retired from the Harvard University Police Department.

Gaughan's Employment at Harvard after Victor Clay becomes Police Chief

22. In or around August of 2021, Victor Clay was hired as the Chief of the Harvard University Police Department.

23. Chief Clay upon his arrival began scheduling individual meetings with officers of the department.

24. Despite Chief Clay scheduling of individual meetings of department members, Sergeant Gaughan has not had an individual meeting with Chief Clay nor has he had any significant discussions with him regarding the officers assigned to his shift, the evaluation of personnel, and his view of the short- and long-term vision for the department and its personnel. This was a stark contrast to what occurred in the ordinary course of business with former Chief Riley.

25. Throughout the fall of 2021 and continuing through 2022, Chief Clay continued to exclude Sergeant Gaughan from discussions and planning about officers assigned to his shift.

Captain's Promotional Process

26. On December 1, 2021, Chief Clay, in a department-wide email, announced a restructure of the police department and the establishment of four new Captain's positions.

27. On December 11, 2021, the University officially announced the posting of Captain's position with the Harvard University Police Department.

28. The posting published by the university required, *inter alia*, the following: eight years of professional experience with seven in law enforcement, a Bachelor's degree, graduation from an accredited academy, two years with the Harvard University Police Department, law enforcement experience at a municipal police department, sheriff's department, or federal agency.

29. On or about December 31, 2021, Sergeant Gaughan applied for and received confirmation that his application for Police Captain was received.

30. Sergeant Gaughan reasonably relied on the assurances made by the University that the process would be fair and objective. Sergeant Gaughan also relied on the job posting from

Harvard University that all candidates will receive consideration for appointment without regard to any characteristic protected by law.

31. As stated previously, the captain's job posting from Harvard University stated that a required qualification for the position was "Documented experience and training in investigations, police operations and tactics" and "Law enforcement experience as a municipal police department, Sheriff's department, or federal agency."

32. On January 25, 2022, Sergeant Gaughan was interviewed by Harvard University recruiter, Emily Pollack, for the first round of interviews.

33. On February 4, 2022, Sergeant Gaughan was advised by Harvard University HR recruiter, Emily Pollack, that he had passed the first screen for the position and that he would move onto the next panel.

34. On March 1, 2022, Sergeant Gaughan was interviewed by the second panel assembled by Chief Clay for the Captain's position. The process as defined was 30 minutes to present your qualifications and address certain HUPD operational areas of Operations, Administration and Investigations, followed by a 15-minute question and answer period.

35. Upon information and belief, Sergeant Gaughan, believed that he performed well during the interview process and answered all of the panel's inquires professionally and competently.

36. On March 7, 2022, Sergeant Gaughan was advised to contact Emily Pollack, Harvard University Recruitment Coordinator. Sergeant Gaughan contacted Ms. Pollack and was informed that he had not been selected for the Captain's position.

37. On March 9, 2022 Chief Clay announced the four promotions to Captain.

38. Upon information and belief, Sergeant Gaughan was and is more qualified than the four candidates promoted.

39. All four candidates were younger and less experienced than Sergeant Gaughan.

40. Only one of the candidates promoted held the rank of Lieutenant in any department.

41. Only one of the sergeant's promoted to Captain met the qualifications to have had "law enforcement experience at a municipal police department, Sheriff's department, or federal agency."

42. One of the sergeants promoted to Captain had no prior municipal law enforcement experience nor did he have any experience in training or investigations.

43. Sergeant Gaughan believes that in failing to promote him to Captain, Harvard and Chief Clay acted with discriminatory animus and bias against Gaughan because of his age in violation of the ADEA and the MGL.

Lieutenant's Promotional Process

44. On March 24, 2022, the University officially announced the posting of three (3) Lieutenant's positions.

45. The posting by the university required, *inter alia,* the following: seven years in law enforcement, college education and/or college level work and experience, graduation from an accredited law enforcement academy, two years as a member of the Harvard University Police Department, BA or BS in organizational leadership, criminal justice or management, law enforcement experience at a municipal police department, sheriff's department, or federal agency.

46. On or about April 5, 2022, Sergeant Gaughan applied for and received confirmation that his application for promotion to Lieutenant had been received.

47. On May 5, 2022, Sergeant Gaughan was interviewed by Emily Pollack, Harvard University recruiter, for the Lieutenant's positions.

48. In early May of 2022, Sergeant Gaughan was advised that Chief Clay, in a meeting of HUPD police officers in which Sergeant Gaughan was not present, made derogatory, disparaging and ridiculing comments about Sergeant Gaughan mannerisms and speech to the assembled police officers, all subordinate to Sergeant Gaughan.

49. On May 18, 2022, Sergeant Gaughan received a text message from Chief Clay apologizing for his actions of ridiculing him in the police officer's meeting. Chief Clay, in this text message of May 18, advised Sergeant Gaughan that he "heard that it may have seemed undermining to your authority."

50. On May 27 through May 29, 2022, Boston Calling was scheduled to occur on the Harvard University athletic complex.

51. Despite Sergeant Gaughan's prior expertise with the Massachusetts State Police in crafting an Operations Plane for this event, Chief Clay assigned another sergeant to craft the Operations Plan for this event.

52. Upon information and belief, this Operations Plan was reviewed and approved by Chief Clay and other senior staff of the department.

53. During the Boston Calling event, a serious thunderstorm rolled in and forced the evacuation of people from the athletic complex.

54. Sergeant Gaughan, while in the process of evacuating the area, was approached by Captains Fulkerson and Stanton who expressed their critical opinion that the department's Operations Plan was deficient and that the arrest procedures were inadequate.

55. Sergeant Gaughan advised both Captains that the time do discuss the operations plan was before the event or at an after-action meeting post event but not during an emergency evacuation on the second day of the event.

56. On June 3, 2022, Sergeant Gaughan spoke with Emily Pollack and was advised that he would be moving onto the next interview panel for the Lieutenant's position.

57. On June 15, 2022, Sergeant Gaughan interviewed for the Lieutenant's position. The panel consisted of Captains Fulkerson, Stanton, DiVirgilio, Negron and HR representative Filomena Alves-Amado. Captains Fulkerson and Stanton were the two Captains that engaged in the negative discussion about the Operations Plan for Boston Calling.

58. On June 21, 2022, Sergeant Gaughan was advised by HR Recruiter, Emily Pollack, that he did not receive the appointment to Lieutenant, that three other candidates received the appointment

59. Upon information and belief, Sergeant Gaughan was and is more qualified that the three candidates promoted to Lieutenant.

60. Two of the sergeants promoted to Lieutenant had no prior municipal law enforcement experience.

61. Upon information and belief, one of the candidates did not have a college degree.

62. Sergeant Gaughan believes that in failing to promote him to Lieutenant, Harvard and Chief Clay acted with discriminatory animus and bias against Gaughan because of his age in violation of the ADEA and the MGL.

63. Sergeant Gaughan believes that in failing to promote him to Lieutenant, Harvard and Chief Clay acted with discriminatory animus and bias against Gaughan because of his age in violation of the ADEA and the MGL.

64. As a result of the above, Gaughan suffered and continues to suffer lost wages, lost benefits, harm to his reputation, emotional distress, attorney's fees and costs and interest.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION

### (Violation of the ADEA)

49. Gaughan repeats the allegations set forth above and below as if fully contained herein.

50. Plaintiff Gaughan is over the age of forty (40).

51. At all relevant times Plaintiff was qualified to perform the job functions required by his position.

52. By the acts and practices described above, defendants have discriminated against Gaughan by failing to promote him to the Captain or Lieutenant position, on the basis of age, in violation of the ADEA.

53. Defendants acted intentionally and with malice and/or reckless indifference to Gaughan's federally protected rights.

54. Gaughan has suffered lost wages, lost benefits, harm to his reputation, emotion distress and humiliation, attorney's fees and costs, and interest, as a result of Defendant's discriminatory practices.

### SECOND CAUSE OF ACTION

### (Age Discrimination – Violation of M.G.L. c. 151B)

### (Against Defendants)

55. Plaintiff hereby realleges the allegations set forth above as if fully set forth herein.

56. Plaintiff Gaughan is over the age of forty (40).

57. At all relevant times Plaintiff was qualified to perform the job functions required by the Captain or Lieutenant position.

58. By the acts and practices described above, defendants have discriminated against Gaughan by failing to promote him to the Captain or Lieutenant position, on the basis of age, in violation of the MGL.

59. Defendants acted intentionally and with malice and/or reckless indifference to Gaughan's federally protected rights.

60. Gaughan has suffered lost wages, lost benefits, harm to his reputation, emotional distress and humiliation, attorney's fees and costs, and interest, as a result of Defendant's discriminatory practices.

## THIRD CAUSE OF ACTION

**(Interference and Aiding and Abetting – Violation of
M.G.L. c. 151B, §§ 4 (4A) and 4 (5))
(Against Victor Clay and Maria Mejia)**

61. Plaintiff hereby reallege the allegations set forth above in paragraphs 1 through 60.

62. Victor Clay and Maria Mejia interfered with Sargeant Gaughan's employment of the right to be free from unlawful discrimination, acted in complete disregard of Sargeant Gaughan's rights, and aided and abetted the President and Fellows of Harvard College in its discrimination against Sargeant Gaughan, in violation of M.G.L. c. 151B, §§ 4(4A) and 4(5).

63.     As a result thereof, Sargeant Gaughan suffered and continues to suffer loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## DEMAND FOR TRIAL BY JURY

64.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests an Order and Determination:

    a.     pursuant to the MGL;

    b.     declaring that the acts and practices complained of herein are in violation of M.G.L;

    c.     permanently enjoining these violations of M.G.L.;

    d.     directing Defendants to place Plaintiff in the position he would have occupied but for the Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendants discriminatory treatment, including but not limited to: wages, bonuses, pension and other lost benefits;

    e.     directing Defendants to pay Plaintiff compensatory damages for his emotional distress and personal, professional and reputational harm;

    f.     directing Defendants to pay punitive damages for its intentional disregard and or reckless indifference to Plaintiff's statutory rights;

    g.     awarding Plaintiff any costs of this action together with reasonable attorney's fees;

      h.    awarding such further relief as is deemed necessary and proper.

DATED:   June 20, 2025              **BURGER LAW GROUP PLLC**

By: *[signature]*

Sarah J. Burger, Esq. (BBO# 569370)
sburger@burgerlawgroup.com
Attorneys for Martin Gaughan
One Boston Place, Suite 2600
Boston, MA 02108
Tel. (617) 419-7152